UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARATH PHANN,

                Petitioner,

    v.

IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C23-1682 TMC-TLF

REPORT AND RECOMMENDATION

NOTED FOR MARCH 8, 2024

On November 2, 2023, Petitioner filed an application to proceed *in forma pauperis* (IFP). Dkt. 1. On November 3, 2023, the Clerk of the Court sent Petitioner a deficiency notice and instructed Petitioner to correct her IFP application by December 4, 2023. Dkt. 3. This notice was returned to the Court as undeliverable on November 15, 2023. Dkt. 6. The Respondent submitted a document showing that on November 6, 2023, Petitioner was released from detention, an Order of Supervision had been entered, and Petitioner was ordered to report to an Immigration office in Ohio. Dkt. 5, Notice of Change in Custody Status, Dkt. 5-1. That document lists an address (redacted) but does not show whether Petitioner is currently living there or is accepting mail at that location.

        Pursuant to Local Civil Rule 41(b)(2), "if mail directed to a pro se plaintiff by the clerk is returned by the Postal Service… and if such plaintiff fails to notify the court and

REPORT AND RECOMMENDATION - 1

opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute." In this case, it has been more than 60 days since Petitioner's notice was returned to the Court as undeliverable by the Postal Service. Petitioner has not provided the Court with her updated address or corrected the deficiency to her IFP application. Accordingly, the undersigned recommends that the Court DENY Petitioner's IFP application and dismiss her action without prejudice for failure to prosecute. A proposed order and judgment are attached to this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 8, 2024, as noted in the caption.

Dated this 21st day of February, 2024.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge